BEYER v VERIZON NORTH, INC .

Docket No. 258504. Submitted March 14, 2006, at Lansing. Decided March 28, 2006, at 9:00 a.m. Leave to appeal sought.

Shelly Beyer and other telephone service subscribers brought an action in the Ingham Circuit Court against Verizon North, Inc.; and Contel of the South, Inc., seeking recovery of paid intrastate subscriber line charges or end-user common line charges that they claimed were barred by MCL 484.2310(7). The defendants moved for summary disposition, arguing that the action is barred by res judicata and that primary jurisdiction over the plaintiffs' claim rests with the Public Service Commission. Verizon North and Contel had sued the Governor, the Attorney General, and the commissioners of the PSC in federal district court to enjoin the enforcement of MCL 484.2310(7). The federal action had been resolved by a consent judgment that allowed the charges at a reduced rate. The circuit court, Beverly Nettles-Nickerson, J., rejected the defendants' motion for summary disposition based on the doctrine of res judicata, determining that the plaintiffs were not in privity with the Governor, the Attorney General, and the commissioners. The court determined that privity was absent because the state officials in the prior federal litigation were motivated to settle the case for political reasons that were inconsistent with the interests of the plaintiffs in this action. The court did grant summary disposition for the defendants on the basis that the defendants should have been given the opportunity to demonstrate whether a complete reduction of the end-user line charge was confiscatory and that issue should have been heard before the Public Service Commission. The plaintiffs appealed, and the defendants cross-appealed the circuit court decision that the plaintiffs' claim is not barred by res judicata.

The Court of Appeals *held*:

The circuit court erred in determining that res judicata did not bar the plaintiffs' action on the basis that there was no privity between the plaintiffs in this suit and the governmental officials · who were defendants in the prior federal case. The state's interest in the federal court action, enforcing the prohibition in MCL 484.2310(7), and the plaintiffs' interest in this case of eliminating

the charge through enforcement of the statute are identical. There is no indication that the defendants in the federal case did not zealously assert the interest. A person who is not a party to a federal action, but who is represented by a party, is bound by and entitled to the benefits of the judgment in the action as though the person were a party, and an official or agency may be invested by law with authority to represent such a nonparty person's interests. Res judicata bars the plaintiffs' action in this case because there was an identity of interests in the prior federal case and in this case and because the plaintiffs were adequately represented in the prior federal litigation. Preclusion of the plaintiffs' claim by the bar of res judicata does not violate their due process rights.

Affirmed, but remanded for entry of an order granting summary disposition for defendants pursuant to MCR 2.116(C)(7).

JUDGMENTS — RES JUDICATA — PRIVITY BETWEEN PARTIES — FEDERAL LAW.

A person who is not a party to a federal action, but who is represented by a party, is bound by and entitled to the benefits of the judgment in the action as though the person were a party; a person is represented by a party where the party is an official or agency invested by law with authority to represent the person's interests.

*Law Offices of Lawrence D. Owen* (by *Lawrence D. Owen*), and *Cunningham, Bounds, Yance, Crowder Brown, LLC* (by *John T. Crowder, Jr.*; and *Richard T. Dorman*) for the plaintiffs.

*Honigman Miller Schwartz & Cohn, LLP* (by *John D. Pirich* and *Timothy Sawyer Knowlton*), and *Kirkland & Ellis* (by *Andrew B. Clubok, Elizabeth S. Petrela*, and *Stacey L. Bennett*) for the defendants.

Before: BORRELLO, P.J., and SAWYER and FITZGERALD, JJ.

PER CURIAM. Plaintiffs appeal as of right the trial court's order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(4), and defendants cross-appeal. We hold that defendants are entitled to summary disposition because previous litigation in

federal court between defendants and Governor John Engler, Attorney General Jennifer Granholm, and members of the Michigan Public Service Commission (MPSC) that was concluded by entry of a consent judgment requires dismissal of this action on the basis of the doctrine of res judicata. We therefore affirm the trial court's grant of summary disposition for the defendants in this case, but remand for entry of an order granting defendants summary disposition pursuant to MCR 2.116(C)(7).

MCL 484.2310(7)[1] (§ 310[7]) prohibited defendants and other telephone companies with more than 250,000 subscribers from imposing "an intrastate subscriber line charge or end-user [common] line charge" (EUCL) on local telephone service customers. After the enactment of § 310(7), defendants filed suit against the Governor, the Attorney General, and the members of the MPSC, in their official capacities, in the United States District Court for the Eastern District of Michigan, alleging that § 310(7) was facially unconstitutional, in violation of the due process clauses of the Fourteenth Amendment, US Const, Am XIV, § 1, and the Michigan Constitution, Const 1963, art 1, § 17, and seeking a preliminary injunction barring enforcement of § 310(7). *Verizon North, Inc v Engler*, Case No. 00-CV-73208-DT (2000). The federal district court denied defendants' request to preliminarily enjoin enforcement of § 310(7). The United States Court of Appeals for the Sixth Circuit reversed, however, holding that there was a "substantial likelihood" that § 310(7) was unconstitutional. *Michigan Bell Tel Co v Engler*,

---

[1] MCL 484.2310 was to be repealed on December 31, 2005, until 2005 PA 235 again amended the section and extended the effective date of repeal to December 31, 2009. Section 310(7) was deleted and § 310(8) was renumbered to § 310(7) by 2005 PA 235.

257 F3d 587, 600 (CA 6, 2001) (consolidated with *Verizon North, Inc v Engler* on appeal). In December 2002, the defendants, the Governor, the Attorney General, and the members of the MPSC entered into a settlement agreement. Under the terms of the settlement agreement, defendants were permitted to continue to impose an EUCL, but at a reduced rate. The federal district court subsequently entered a consent judgment based on the settlement agreement on December 31, 2002.

In March 2003, plaintiffs, local telephone service customers of defendants, filed this lawsuit against defendants, alleging that defendants had imposed on them and required them to pay the EUCL in violation of § 310(7). Plaintiffs alleged that the total amount charged in violation of § 310(7) exceeded $50 million and sought a judgment in that amount. Defendants moved for summary disposition under MCR 2.116(C)(4), (C)(5), (C)(7), and (C)(8). Defendants argued that plaintiffs' suit was barred under the doctrine of res judicata based on the consent judgment entered into by defendants, the Governor, the Attorney General, and the members of the MPSC in the prior federal lawsuit. Defendants also argued that § 310(7) was unconstitutional because it violated due process protections because it did not provide defendants the opportunity to challenge the EUCL rate cut in advance of its application. Defendants lastly argued that summary disposition was appropriate because the MPSC had primary jurisdiction over plaintiffs' claim and because plaintiffs had failed to exhaust their administrative remedies.

The trial court rejected defendants' argument that plaintiffs' claim against defendants was barred under the doctrine of res judicata, holding that plaintiffs in this case were not in privity with the state officials in

the prior federal litigation. In concluding that there was no privity between plaintiffs in this case and the defendants in the prior federal litigation, the trial court stated that plaintiffs were not adequately represented by the state officials in the prior federal litigation because the defendants in the prior federal litigation were motivated to settle the case for political reasons that were inconsistent with plaintiffs' interests. Therefore, the trial court ruled that, because there was no privity between plaintiffs in this case and the defendants in the prior federal case, plaintiffs' claim was not barred by res judicata. Although the trial court rejected defendants' argument that plaintiffs' claim was barred by res judicata, the trial court nonetheless granted defendants' motion for summary disposition under MCR 2.116(C)(4). In granting defendants' motion for summary disposition, the trial court ruled that defendants should have been given the opportunity to demonstrate whether a complete reduction of the EUCL is confiscatory. The trial court further ruled that, although the matter was properly before the court, the MPSC was the proper forum in which the case should proceed.

On cross-appeal, defendants argue that the trial court erred in holding that plaintiffs' claim was not barred under the doctrine of res judicata. This Court reviews de novo a trial court's decision to grant summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). The applicability of the doctrine of res judicata constitutes a question of law that this Court also reviews de novo. *Stoudemire v Stoudemire*, 248 Mich App 325, 332; 639 NW2d 274 (2001).

This Court must apply federal law in determining whether the doctrine of res judicata requires dismissal

of this case because the consent judgment in the prior suit was entered by a federal court. *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 380-381; 596 NW2d 153 (1999). Under federal law, res judicata precludes a subsequent lawsuit " 'if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.' " *Becherer v Merrill Lynch, Pierce, Fenner & Smith, Inc*, 193 F3d 415, 422 (CA 6, 1999), quoting *Bittinger v Tecumseh Products Co*, 123 F3d 877, 880 (CA 6, 1997) (emphasis omitted in *Becherer*). Regarding the second element, a nonparty who is adequately represented by a party will be bound by a judgment against that party. *Id.* at 881; *Becherer, supra* at 422-423. For a nonparty to have been adequately represented a nonparty, there must be "an express or implied *legal* relationship in which parties to the first suit are *accountable* to nonparties who file a subsequent suit raising identical issues." *Id.* at 423 (citation omitted).

Plaintiffs do not contest that three of the four elements necessary to establish res judicata are satisfied. The only element of res judicata that plaintiffs contest is the second element: whether plaintiffs in this case and the defendants in the prior federal litigation are the same parties or their privies. Plaintiffs contend that there is no privity between them and the defendants in the prior federal lawsuit because the state officials who were the defendants in the prior federal litigation did not adequately represent their rights. Plaintiffs in this case are a group of local telephone service customers of defendants. The defendants in the prior federal action were the Governor and the attorney General of the state of Michigan, as well as

the commissioners of the MPSC, in their official capacities. Because plaintiffs are not the same parties as the defendants in the prior litigation, their claims against defendants in this case are only precluded by res judicata if plaintiffs are in "privity" with the governmental officials who were the defendants in the prior federal action. The trial court concluded that there was no privity because the Governor, the Attorney General, and the members of the MPSC had political interests that were not identical to the plaintiffs' interests and that plaintiffs were therefore not adequately represented in the prior federal litigation. We disagree.

We agree with, and adopt as our own, the reasoning and holding from our decision in *Bahar v Ameritech Michigan*, unpublished opinion per curiam of the Court of Appeals, issued January 4, 2005 (Docket No. 249263) (*Ameritech*). In *Ameritech*, customers of Ameritech brought a lawsuit against Ameritech that, like the lawsuit in this case, sought the return of EUCLs collected by Ameritech in violation of § 310(7). Before the plaintiffs in *Ameritech* filed their lawsuit against Ameritech seeking return of the EUCLs, however, Ameritech, like defendants in this case, had filed suit against the Governor and the members of the MPSC, in their official capacities, in the United States District Court for the Eastern District of Michigan, alleging that § 310(7) was unconstitutional in that it violated the Due Process Clause of the Fourteenth Amendment. *Michigan Bell Tel Co v Engler*, Case No. 00-CV-73207-DT, aff'd in part and rev'd in part *Michigan Bell Tel Co v Engler*, 257 F3d 587 (CA 6, 2001). The federal district court consolidated Ameritech's challenge to the constitutionality of § 310(7) with defendants' challenge to the constitutionality of § 310(7), as did the Sixth Circuit. Moreover, as in this case, there was a consent judgment entered in the prior federal litigation. That consent

judgment was like the consent judgment in the prior federal action related to this case in that it permitted Ameritech to continue to charge its customers an EUCL, but at a lowered rate. In *Ameritech*, this Court held that the plaintiffs' claim against Ameritech for the return of the EUCLs that were made in violation of § 310(7) was precluded under the doctrine of res judicata based on the consent judgment reached in the prior federal litigation. We find the reasoning of our opinion in *Ameritech* to be persuasive regarding whether plaintiffs in this case were in privity with the defendants in the prior federal action. *Ameritech* is an unpublished opinion and is therefore not binding authority under the doctrine of stare decisis. MCR 7.215(C)(1); *Dyball v Lennox*, 260 Mich App 698, 705 n 1; 680 NW2d 522 (2004). Nevertheless, because we find its reasoning persuasive and dispositive of this matter, we adopt the following analysis as our own:

> In *Richards v Jefferson County, Ala*, 517 US 793, 798; 116 S Ct 1761; 135 L Ed 2d 76 (1996), the United States Supreme Court stated that a litigant need not always "have been a party to a judgment in order to be bound by it." The most notable exception to the general rule occurs "when it can be said that there is 'privity' between a party to the second case and a party who is bound by an earlier judgment." *Id*. The Court further explained that although the exception has some constitutional limits, "the term 'privity' is now used to describe various relationships between litigants that would not have come within the traditional definition of that term." To provide examples of the expansive nature of the term, the Court referenced Restatement Judgments, 2d, (1980), Ch 4. *Id*.
>
> The pertinent portion of the chapter cited in *Richards*, Restatement, § 41, states as follows.
>
> "(1) A person who is not a party to an action but who is represented by a party is bound by and entitled to the

benefits of a judgment as though he were a party. A person is represented by a party who is:

[* * *]

"(d) An official or agency invested by law with authority to represent the person's interests[.]"

The Restatement's comment regarding "representation by public officials" explains that in situations where individual members of the public have a "legally enforceable right permitting them to bring or defend an action concerning an interest," a public official or agency may also seek to protect that interest through litigation. The comment further states:

"Where this is so, a further question presented is whether the exercise of the official or agency's authority to maintain or defend litigation concerning the interest should be construed as preempting the otherwise available opportunity of the individual or members of the public to prosecute or defend litigation in the matter. Where the exercise of that authority is regarded as preemptive, the public official or agency represents such other persons for the purposes of litigation concerning the interests in question and the judgment is binding on them."

The Fifth Circuit Court of [A]ppeals applied these principles in *Southwest Airlines Co v Texas [Int'l] Airlines, Inc*, 546 F2d 84, 95 (CA 5, 1977). Several years before the litigation commenced the city of Dallas brought suit against the airline seeking a declaratory judgment of [its] right to exclude it from a particular airport, Love Field, based on a bond ordinance funding the creation of Dallas/Fort Worth Regional Airport. *Id.* at 87. Southwest counterclaimed and obtained an injunction preventing the city from interfering with its use of Love Field. *Id.* at 88. In the subsequent litigation, a group of airlines, assuming the role of private attorneys-general, similarly filed suit seeking to have Southwest excluded from Love Field based on the ordinance. *Id.* at 97. The Fifth Circuit, noting that the "relationship between the city as public enforcer of the

ordinance and the airlines as private enforcers is close enough to preclude relitigation," dismissed the suit as res judicata.

In reaching this decision, the Fifth Circuit applied the reasoning expressed in the comment to Restatement, § 41(d). It noted that in certain situations, an agency's authority to maintain or defend a suit should be construed as preempting the otherwise available opportunity of individuals to litigate the matter. [*Southwest, supra*] at 99. The Court then found that (1) the other carrie[r]s did not allege that Southwest breached a legal duty apart from the general duty to obey valid ordinances, (2) that they requested the same remedy denied the [c]ity of Dallas, the enforcement of the ordinance, and (3) that the ordinance did not establish a "statutory scheme looking toward private enforcement of its requirements." *Id.* at 100. Because the legal interest of the other carriers did not differ from those of Dallas in the initial suit, the Court held that "they received adequate representation in the earlier litigation and should be bound by the judgment in that litigation." *Id.*

The Fifth Circuit further stated that, because application of the doctrine of res judicata denies a non-party his day in court, the due process clause prevents preclusion when the relationship between the party and non-party becomes too attenuated. *Southwest, supra*[] at 95, citing *Hansberry v Lee*, 311 US 32; 61 S Ct 115; 85 L Ed 22 (1940). But it noted that in *Hansberry*, the property owners in the initial suit sought to enforce a racially restrictive covenant while the defendants in the subsequent suit tried to invalidate it. [*Southwest, supra*] at 101. Because the initial class represented interests in direct opposition to the position of the defendants, the Supreme Court held that preclusion would violate due process. *Id.* Unlike the situation in *Hansberry*, the Fifth Circuit found that the legal interests of the plaintiff airlines in *Southwest* precisely coincided with those of the city in the first suit and that the city vigorously and skillfully litigated the matter. *Id*[.] at 102. Consequently, the preclusion of plaintiffs' claim did not violate their right to due process.

Plaintiffs' suit in the instant case must similarly fail as res judicata. Like the plaintiff airlines in *Southwest*, plaintiffs here do not allege that defendant breached a legal duty other than the general duty to obey valid statutory provisions. Further, they request the same result sought by the governor and the members of the MPSC in the initial litigation, namely enforcement of the prohibition of EUCL charges set forth in section 310(7). And this provision did not establish a statutory scheme looking towards private enforcement of its requirements. Because plaintiffs' legal interests do not differ from those of the defendants in the initial suit, they received adequate representation. Thus, the consent judgment entered in the prior litigation, allowing some EUCL charges, bars plaintiffs' attempt to enforce section 310(7) in the instant litigation.

Furthermore, preclusion of plaintiffs' claim does not violate plaintiffs' right to due process. Contrary to plaintiffs' arguments, *Richards, supra,* provides no support for a different conclusion. In *Richards*, a state court held that the resolution of a suit brought by a city official and three individual county taxpayers on state law grounds precluded subsequent litigation by a class representing all county taxpayers and based on both state law and federal constitutional grounds. *Id.* at 795-797, 801-802. The Supreme Court found this violated the class' right to due process because its interests were not adequately represented in the initial litigation. *Id.* at 802. But in the instant case, as in *Southwest*, there exists an identity of interests between plaintiffs and the defendants in the earlier litigation and there is no indication that those defendants failed to zealously assert their interests. Plaintiffs were adequately represented and the finding that their claim is precluded as res judicata does not violate their rights under the constitution.

In sum, plaintiffs are bound by the consent judgment entered in *Michigan Bell Telephone Co v Engler et al*, and are therefore barred by the doctrine of res judicata from seeking private enforcement of section 310(7). Because this finding requires dismissal of the instant litigation, we need

not address the remainder of defendant's claims on appeal. [*Ameritech, supra,* slip op at 3-5.]

On the basis of our holding in *Ameritech*, we hold that plaintiffs' claim for private enforcement of § 310(7) in this case is barred by res judicata and, therefore, should be dismissed under MCR 2.116(C)(7). The relevant provision of the consent judgment in the federal *Ameritech* case is nearly identical to the consent judgment at issue in this case. The consent judgments permitted Ameritech and Verizon to continue to impose on their customers an EUCL, but required the companies to lower the rate of the charge. Like the plaintiffs in *Ameritech*, plaintiffs in this case do not allege that defendants breached a legal duty other than the general duty to obey valid statutory provisions. Moreover, plaintiffs in this case and the Governor, the Attorney General, and the members of the MPSC in the previous case all requested the same relief: enforcement of the prohibition of the EUCL in § 310(7). The state's interest in enforcing the prohibition of the EUCL in § 310(7) and plaintiffs' interest in relief from the EUCL were identical. Furthermore, as we observed in *Ameritech*, § 310(7) did not establish a statutory scheme looking toward private enforcement of its requirements. Finally, because there was an identity of interests and plaintiffs received adequate representation in the prior federal litigation, preclusion of plaintiffs' claim under res judicata does not violate their due process rights. The consent judgment entered in the prior federal litigation, allowing defendants to charge an EUCL, but at a reduced rate, bars plaintiffs' attempt to enforce § 310(7) in this litigation.

For the reasons articulated in *Ameritech*, we conclude that plaintiffs' claim against defendants in this case is barred under the doctrine of res judicata based on the

consent judgment in the prior federal case. Therefore, the trial court should have granted summary disposition in defendants' favor under MCR 2.116(C)(7). In granting summary disposition in favor of defendants, the trial court erroneously held that plaintiffs' claim against defendants was not barred under the doctrine of res judicata, but nevertheless granted summary disposition in favor of defendants under MCR 2.116(C)(4). Although the trial court erroneously concluded that plaintiffs' claim was not barred by res judicata, we will not reverse its decision if the trial court reached the right result for the wrong reason. *Taylor v Laban*, 241 Mich App 449, 458; 616 NW2d 229 (2000). Because our conclusion that plaintiffs' claim is barred by res judicata requires dismissal of plaintiffs' case against defendants, we need not address the parties' remaining arguments on appeal and cross-appeal.

Affirmed, but remanded for entry of an order granting defendants summary disposition pursuant to MCR 2.116(C)(7). We do not retain jurisdiction.