# STATE OF MICHIGAN

# COURT OF APPEALS

ADRIAN BAKKER,

       Plaintiff-Appellant,

UNPUBLISHED
December 22, 2015

v

NORTHERN MICHIGAN UNIVERSITY,

       Defendant-Appellee.

No. 323589
Court of Claims
LC No. 14-000200-MZ

---

Before: GADOLA, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Plaintiff appeals as of right the Court of Claims opinion and order granting defendant's motion for summary disposition under MCR 2.116(C)(7) on the basis that res judicata bars plaintiff's current claims. We affirm.

This Court reviews motions for summary disposition de novo. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010). "The applicability of the doctrine of res judicata constitutes a question of law that this Court also reviews de novo." *Beyer v Verizon North Inc*, 270 Mich App 424, 428; 715 NW2d 328 (2006) (citation omitted). An argument that summary disposition should be granted on the basis of res judicata is properly asserted under MCR 2.116(C)(7). See *Alcona Co v Wolverine Environmental Prod, Inc*, 233 Mich App 238, 246; 590 NW2d 586 (1998). "[I]n considering a motion under that subrule, the court may consider all affidavits, pleadings, and other documentary evidence, construing them in the light most favorable to the nonmoving party." *Id*. (citation omitted; alteration added).

"Courts apply the doctrine of res judicata to promote the finality of judgments, which in turn increases certainty, discourages multiple litigation and conserves judicial resources." *Sanders Confectionery Prod, Inc v Heller Fin, Inc*, 973 F2d 474, 480 (CA 6, 1992).[1] Res judicata, or claim preclusion, has four elements:

---

[1] The Court of Claims properly concluded that "[t]his Court must apply federal law in determining whether the doctrine of res judicata requires dismissal of this case because the . . . judgment in the prior suit was entered by a federal court." *Beyer*, 270 Mich App at 428-429,

1. A final decision on the merits in the first action by a court of competent jurisdiction;

2. The second action involves the same parties, or their privies, as the first;

3. The second action raises an issue actually litigated or which should have been litigated in the first action;

4. An identity of the causes of action[.] [*Id.* (citations omitted).]

Plaintiff argues, first, that the claims he asserted in his federal case are different causes of action than he asserted in his instant state claims. Plaintiff's assertions focus on whether the fourth requirement of res judicata, an identity of the causes of action, has been satisfied. Regarding the fourth element, "[i]dentity of causes of action means an 'identity of the facts creating the right of action and of the evidence necessary to sustain each action.' " *Id.* at 484, quoting *Westwood Chemical Co v Kulick*, 656 F2d 1224, 1227 (CA 6, 1981). This transactional test applies to determine "whether two suits involve the same claim or cause of action" and "depends on factual overlap, barring claims arising from the same transaction." *United States v Tohono O'Odham Nation*, 563 US 307, 316; 131 S Ct 1723; 179 L Ed 2d 723 (2011) (citation and internal quotation marks omitted). Thus, whether res judicata bars the subsequent claim depends on "facts rather than relief." *Id*.

Defendant correctly asserts that plaintiff's current state claims are a mere repackaging of plaintiff's federal claims. Although plaintiff's current claims view his challenge of the contract through a negligence framework, the essential ingredient in every one of plaintiff's claims is that he was unable to contract due to his infancy at the time he signed the promissory note for the purposes of his federal educational loan. It is not dispositive that plaintiff argued in federal court that the contract was voidable due to infancy and in state court argued that the infancy precludes a finding of mutual assent to form a valid contract, because, as the Court of Claims concluded, the operative facts giving rise to all of plaintiff's claims occurred in the spring of 2004 when he signed the loan documents. See *JZG Resources, Inc v Shelby Ins Co*, 84 F3d 211, 215 (CA 6, 1996), quoting Restatement of Judgments, 2d, § 24 (1982) (stating that "[t]he Restatement (Second) of Judgments describes the doctrine of res judicata as extinguishing 'all rights of the plaintiff to remedies against the defendant with respect to all or any part or the transaction, or series of connected transactions, out of which the action arose.' ") (alteration added).

Plaintiff also challenges whether the third element of res judicata, the second action raises an issue actually litigated or which should have been litigated in the first action, was satisfied. "Claim preclusion applies not only to bar the parties from relitigating issues that were *actually* litigated but also to bar them from relitigating issues that *could have been raised* in an earlier action." *JZG Resources, Inc*, 84 F3d at 214 (alteration added). Accordingly, to the extent that plaintiff's claims differ in any meaningful way, plaintiff has "offered no justification for" his failure to bring the claims in the prior action. *Sanders Confectionery Prod*, 973 F2d at 483. The

citing *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 380-381; 596 NW2d 153 (1999).

Court of Claims correctly concluded that plaintiff's knowledge of the present claims is irrelevant in determining whether he could have brought his claims in the prior action. See *Harnett v Billman*, 800 F2d 1308, 1313 (CA 4, 1986).

Relevant to this analysis, plaintiff argues that *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372; 596 NW2d 153 (1999), applies to bar the application of res judicata on the basis that the federal court would not have exercised supplemental jurisdiction over plaintiff's current state-law claims. *Pierson Sand & Gravel* addressed a "narrow exception" in considering whether the plaintiff's state-law claims were barred by res judicata due to the failure to bring the claims in the prior federal action. *Id*. at 381-382. *Pierson Sand & Gravel* cited the general rule that parties are barred under the doctrine from relitigating issues that, using reasonable diligence, could have been brought in the prior litigation. *Id*. at 382, citing *Hackley v Hackley*, 426 Mich 582, 585; 395 NW2d 906 (1986). "Thus, plaintiffs' state claims, which could have been brought with the federal claims by supplemental jurisdiction, clearly would have been barred by res judicata if the federal court had entered a judgment on the federal claim." *Pierson Sand & Gravel*, 460 Mich at 382. Yet, *Pierson Sand & Gravel* reasoned that "if plaintiffs had brought the state claims in the federal court, and the federal court had refused to retain jurisdiction over them when it dismissed the federal counts, then the plaintiffs would not be barred by res judicata from bringing their state claims in state court." *Id*. (citation omitted). On the basis that state-law claims should not receive harsher treatment than federal-law claims, see *id*. at 383 n 11, *Pierson Sand & Gravel* held that "if the federal court would clearly have dismissed the state claims when it dismissed the federal claims, then the doctrine of res judicata should not apply. The goal of res judicata is to promote fairness, not lighten the loads of the state court by precluding suits whenever possible." *Id*. at 383.

The *Pierson Sand & Gravel* Court further explained that generally, where "all federal claims are resolved before trial, federal courts will decline to exercise supplemental jurisdiction over remaining state law claims, preferring to dismiss them without prejudice for resolution in the state courts." *Id*. at 384. Based on that trend in federal courts, *Pierson Sand & Gravel* held that "when the federal claims are dismissed before trial, the federal court clearly would have dismissed the state claims if there [were] no exceptional circumstances that would give the federal courts cause to retain supplemental jurisdiction." *Id*. Plaintiff argues that there were no exceptional circumstances that would have permitted the federal court to retain supplemental jurisdiction over his state-law claims.

However, as the Court of Claims recognized, the federal court did assume jurisdiction over plaintiff's state-law claims, which it justified by considering judicial efficiency and the fact that plaintiff's state-law claims would fail because 20 USC 1091a(b)(3) of the Higher Education Act (HEA), 20 USC 1001 *et seq.*, preempts state-law infancy defenses. Accordingly, as defendant asserts, it is unnecessary to consider whether the federal court would have exercised supplemental jurisdiction over plaintiff's current state-law claims. Further, as previously explained, plaintiff's current claims are properly considered the same as the state-law claims asserted in the prior federal action for the purposes of res judicata, and thus, because the federal district court has already adjudicated those claims on their merits, it would be counter to the fundamental principle of res judicata to allow plaintiff to relitigate claims actually litigated in a prior suit. See *Hackley*, 426 Mich at 584 (stating that "[t]he doctrine of res judicata was judicially created in order to relieve parties of the cost and vexation of multiple lawsuits,

-3-

conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication") (citation and internal quotation marks omitted; alteration added). Nothing in *Pierson Sand & Gravel* undercuts that conclusion because, in that case, the Court was concerned with the application of res judicata for the sake of judicial efficiency to bar state claims that were clearly not resolved on their merits in a prior federal claim but they nevertheless could have been brought. See *Pierson Sand & Gravel*, 460 Mich at 378-379.

Lastly, plaintiff argues that under Restatement of Judgments, 2d, § 28(4), comment *f*, res judicata is inappropriate where the burdens applicable in the first and second actions are different, and in this case, the burden shifted to defendant to show that plaintiff was capable of understanding the contract. While plaintiff may be invoking a legitimate general concept, see *Pierson Sand & Gravel*, 460 Mich at 379 n 9 (stating that the Court has "often examined the Restatement of Judgments, 2d, in construing whether subsequent claims would be precluded"), he cites no authority for his position that either he or defendant bore a burden different than the burdens applicable in the federal civil action. Thus, this claim of error has been abandoned. See *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999).

Affirmed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood

-4-