# STATE OF MICHIGAN

# COURT OF APPEALS

DANIEL FISHER,

Plaintiff-Appellant,

v

BJP CONSULTING, L.L.C., and BARBARA
KUSISTO,

Defendants-Appellees.

UNPUBLISHED
June 23, 2016

No. 327483
Washtenaw Circuit Court
LC No. 14-000169-PS

Before: FORT HOOD, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

PER CURIAM.

Plaintiff, Daniel Fisher, appeals as of right an order dismissing his case. Plaintiff filed a complaint alleging fraudulent conveyances and successor liability in an effort to collect a debt allegedly owed by defendants. On appeal, plaintiff argues that the trial court erred in granting defendants' motion for summary disposition. We affirm.

This case arises from plaintiff's efforts to collect on two district court judgments against Kusisto Totalgraphics, owned and operated by Michael Kusisto, defendant Barbara Kusisto's husband. After plaintiff obtained the judgments, Kusisto Totalgraphics closed and filed for bankruptcy. Plaintiff contends that Kusisto Totalgraphics fraudulently transferred its assets to Barbara's company, defendant BJP Consulting, L.L.C., and that BJP Consulting was a mere continuation of Kusisto Totalgraphics. Plaintiff asserts that defendants should therefore be liable for the district court judgments. The trial court granted summary disposition in favor of defendants, and dismissed the case.

As a preliminary matter, we reject plaintiff's argument that defendant's appeal was untimely and this Court lacks jurisdiction. "Whether a party's claim of appeal is timely affects this Court's jurisdiction according to MCR 7.204(A) and is, therefore, reviewed de novo." *Wickings v Arctic Enterprises, Inc*, 244 Mich App 125, 132–133; 624 NW2d 197 (2000).

The court rules plainly provide that a final judgment of a circuit court is appealable to this Court as of right. MCR 7.203(A). A final judgment is the first one that, among other things, "disposes of all the claims and adjudicates the rights and liabilities of all the parties . . . ." MCR 7.202(6)(a)(i ). Upon the circuit court's entry of a final judgment, a party has 21 days to file an appeal as of right. MCR 7.204(A)(1)(a). "The time limit for an appeal of right is jurisdictional." MCR 7.204(A). Hence, the failure to timely file an appeal within this time frame deprives this

Court of jurisdiction to consider the appeal as of right. *Chen v Wayne State Univ*, 284 Mich App 172, 192–193; 771 NW2d 820 (2009).

Here, the initial order of the trial court appeared to be a final judgment. However, there was ambiguity in the order itself, which was compounded by an erroneous note in the register of actions. Thus, the trial court's subsequent order clarifying its holding was properly considered the final judgment, appealable as of right. MCR 7.204(A)(1)(a). While plaintiff did contribute to the error of this Court by seemingly failing to respond to this Court's defect notices during his initial appeal, we do not wish to deprive plaintiff his appeal as of right due to a clerical error. The April 30, 2015 order granting the motion for clarification provides, unquestionably, that "[p]laintiff's claims as to both defendants are hereby dismissed with prejudice." Given the ambiguity with the court's first order and the clear language from the April 30, 2015 order, we conclude that the April 30, 2015 order constitutes the final judgment and we address the merits of plaintiff's claim of appeal.

Plaintiff first argues that the trial court erred in granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(4) based on plaintiff's failure to satisfy the jurisdictional amount in controversy requirement. We agree. "Whether a court has subject-matter jurisdiction is a question of law reviewed de novo. Issues of statutory interpretation are also reviewed de novo." *Hillsdale Co Sr Services, Inc v Hillsdale Co*, 494 Mich 46, 51; 832 NW2d 728 (2013) (citations omitted).

MCL 600.605 provides "Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." MCL 600.8301(1) provides for an exception for bringing civil actions in district court "when the amount in controversy does not exceed $25,000.00." Recently, in discussing the jurisdiction of the district court, our Supreme Court addressed the meaning of "amount in controversy." The Court held "in its subject-matter jurisdiction inquiry, a district court determines the amount in controversy using the prayer for relief set forth in the plaintiff's pleadings, calculated exclusive of fees, costs, and interest." *Hodge v State Farm Mut Auto Ins Co*, ___ Mich ___, ___; ___ NW2d ____ (2016) (Docket No. 149043), slip op at 12.

Here, plaintiff pled an amount in controversy over $25,000 based on two district court judgments. Notably, the aggregate dollar amount of the judgments was over $25,000. While one of the judgments orders that plaintiff shall have possession of and sell several pieces of collateral, including a printing press, the value of the property is not included in the judgment. The bankruptcy court later valued the collateral as $6,550. Again, however, the amount in controversy is the amount included in the prayer for relief, not the amount eventually shown by the proofs at trial. *Id*. at ____; slip op at 12. While the parties dispute whether plaintiff was required to take possession of and sell the collateral, such a dispute over the amount claimed does not allow jurisdiction in the district court where the amount pled was greater than $25,000. Further, the amount required by plaintiff was not so obviously erroneous or baseless that would suggest bad faith in the pleadings. *Id*. at ___; slip op at 12. Indeed, plaintiff continues to contend that the amount in controversy is greater than $25,000. Thus, the trial court erred.

We also reject defendants' assertion that plaintiff cannot aggregate the two district court judgements. Defendants do not challenge plaintiff's contention that the judgment to Floral Marketing, L.L.C. was later assigned to plaintiff. Thus, both judgments favor plaintiff. Further, defendants fail to provide legal authority for their contention that plaintiff cannot aggregate the judgments. Indeed, such a conclusion would be contrary to the interests of judicial economy as it would essentially require plaintiff to bring two lawsuits against defendants, one for each judgment.

Plaintiff next argues that the trial court erred in granting defendants' motion for summary disposition on the basis of res judicata. We disagree. This Court reviews motions for summary disposition de novo. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010). "The applicability of the doctrine of res judicata constitutes a question of law that this Court also reviews de novo." *Beyer v Verizon North Inc*, 270 Mich App 424, 428; 715 NW2d 328 (2006) (citation omitted). An argument that summary disposition should be granted on the basis of res judicata is properly asserted under MCR 2.116(C)(7). See *Alcona Co v Wolverine Environmental Prod, Inc*, 233 Mich App 238, 246; 590 NW2d 586 (1998). "[I]n considering a motion under that subrule, the court may consider all affidavits, pleadings, and other documentary evidence, construing them in the light most favorable to the nonmoving party." *Id*. (citation omitted; alteration added).

"Courts apply the doctrine of res judicata to promote the finality of judgments, which in turn increases certainty, discourages multiple litigation and conserves judicial resources." *Sanders Confectionery Prod, Inc v Heller Fin, Inc*, 973 F2d 474, 480 (CA 6, 1992).[1] Res judicata, or claim preclusion, has four elements:

1. A final decision on the merits in the first action by a court of competent jurisdiction;

2. The second action involves the same parties, or their privies, as the first;

3. The second action raises an issue actually litigated or which should have been litigated in the first action;

4. An identity of the causes of action[.] [*Id*. (citations omitted).]

"[A]s a general principle, res judicata can be invoked in a lawsuit on the basis of an earlier bankruptcy proceeding." *RDM Holdings, LTD v Contl Plastics Co*, 281 Mich App 678, 692; 762 NW2d 529 (2008). Here, plaintiff only discusses the second element of res judicata, that the second action involves the same parties, asserting that res judicata cannot apply because defendants were not named parties in the bankruptcy. For completeness, we address each element.

---

[1] "This Court must apply federal law in determining whether the doctrine of res judicata requires dismissal of this case because the . . . judgment in the prior suit was entered by a federal court." *Pierson Sand & Gravel, Inc v Keeler Brass Co, 460 Mich 372, 380-381; 596 NW2d 153 (1999).*

"A bankruptcy order that entirely resolves all the issues pertaining to a claim will satisfy the res judicata requirement of a final judgment." *Id*. at 694. In bankruptcy proceedings, closing orders are final judgments on the merits. *Id*. Here, the bankruptcy was closed without objection. Thus, the first element was met.

In regard to the second element, plaintiff, as a listed creditor, was considered a party to the bankruptcy. "Creditors in bankruptcy proceedings must be considered parties for purposes of res judicata." *Id*. at 695. Admittedly, neither defendant was a listed creditor in the bankruptcy. Plaintiff relies on *RDM Holdings*, where all defendants in the initial bankruptcy were listed as creditors. *Id*. Because that is not the case here, plaintiff concludes that defendants were not the same parties for the purposes of res judicata. However, plaintiff fails to consider whether defendants should be considered the privy of Kusisto Totalgraphics. "Privity in this sense means *a successor in interest to the party*, one who controlled the earlier action, or one whose interests were adequately represented." *Sanders*, 973 F2d at 481 (emphasis added). Indeed, plaintiff's entire claim is based on his premise that defendants constitute a mere continuation of Kusisto Totalgraphics, referring to BJP Consulting as a successor corporation. In viewing the evidence in a light most favorable to plaintiff, as we must in reviewing a motion for summary disposition, defendants were a successor corporation to Kusisto Totalgraphics. *Alcona Co*, 233 Mich App at 246. Thus, we conclude that defendants would be considered in privity with Kusisto Totalgraphics for the purpose of res judicata.

This discussion is buttressed by consideration of the third element, that the second action raises an issue actually litigated or which should have been litigated in the first action. In *RDM Holdings*, this Court held that "a claim under the [Uniform Fraudulent Transfer Act (UFTA)] would constitute a core proceeding in bankruptcy[.]" *RDM Holdings*, 281 Mich App at 698. In *RDM Holdings*, the Court held:

> With the avenues available to plaintiffs in the bankruptcy proceedings to have their fraudulent transfer issues addressed, their decision to do nothing implicates some of the underlying purposes of res judicata, which include conservation of judicial resources and prevention of inconsistent decisions. Indeed, if plaintiffs were allowed to pursue the UFTA claim in state court, and were they successful in obtaining the requested relief attaching the transferred assets, MCL 566.37(1)(b) (attachment relief for UFTA violation), an underlying premise upon which the relief was awarded would be that the property should have remained in the hands of [the debtor]. This conclusion would run contrary to the trustee's accounting in bankruptcy showing that [the debtor] had zero assets to disburse and it would offend the rights of other creditors. [*Id*. at 701-702.]

In opposing summary disposition, plaintiff alleged that Kusisto Totalgraphics fraudulently transferred its assets to BJP Consulting and then filed for bankruptcy. Despite this, plaintiff completely failed to raise this contention during the bankruptcy proceedings. Indeed, plaintiff made no objections in the bankruptcy. Given these circumstances, plaintiff's case falls squarely within the holding of *RDM Holdings* and plaintiff's fraudulent transfer claim raises an issue that should have been litigated in the bankruptcy proceeding.

*RDM Holdings* is also instructive regarding plaintiff's successor liability claim. In *RDM Holdings*, the court also barred the plaintiff's successor liability claims based on res judicata to the extent that "the claim was subsumed under the UFTA claim, which was properly dismissed on the basis of res judicata. . . . We will not permit plaintiffs to pursue any fraudulent transfer allegations under the guise of a successor liability claim." *Id*. at 707. Here, plaintiff's complaint alleged:

> 32.     Any transfer between Kusisto Totalgraphics, Inc. to Defendants was fraudulent, made in bad faith, without consideration and the creditors of Kusisto Totalgraphics, Inc. were not provided for in said transactions.
>
> 33.     The transferee Defendants were and are mere continuations or reincarnations of Kusisto Totalgraphics, Inc.
>
> 34.     The totality of the conveyances between Kusisto Totalgraphics, Inc. to Defendants demonstrate a basic continuity of the enterprise between the predecessor and successor companies.

Similar to *RDM Holdings*, the entirety of plaintiff's successor liability case relied on the fraudulent transfer claim. Thus, this claim was also properly barred by res judicata.

Based on our disposition of this issue, we conclude that it is unnecessary to address plaintiff's final issue on appeal.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Amy Ronayne Krause
/s/ Michael F. Gadola