*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALEXANDER MOSKOVITS,

       Plaintiff-Appellant,

v

MERCEDES-BENZ FINANCIAL SERVICES USA,
LLC,

       Defendant-Appellee.

UNPUBLISHED
May 16, 2025
9:51 AM

No. 370802
Oakland Circuit Court
LC No. 2023-201552-CZ

Before: GADOLA, C.J., and MURRAY and REDFORD, JJ.

PER CURIAM.

Plaintiff appeals as of right the order granting defendant's motion for summary disposition under MCR 2.116(C)(7) (dismissal appropriate because of prior judgment). We affirm.

## I. BACKGROUND AND PROCEDURAL HISTORY

This case arose when plaintiff purchased a Mercedes-Benz CLA (the vehicle) from Mercedes-Benz Miami on January 13, 2017. Plaintiff financed a portion of the cost of the vehicle with defendant, agreeing to make monthly payments. Once purchased, plaintiff drove the vehicle to Mexico, where it was damaged. Plaintiff delivered the vehicle to a repair shop in Mexico. After issues and delays with the repair shop, plaintiff returned to the United States, leaving the vehicle in Mexico.

Once in the United States, plaintiff contacted defendant and requested it transport the vehicle to the United States. Defendant declined, and plaintiff stopped making his monthly payments. Defendant repossessed the vehicle in Mexico, transported it to the United States, and auctioned the vehicle in Texas, without notifying plaintiff.

Plaintiff later sued defendant in the United States District Court for the Southern District of Texas. Plaintiff alleged (1) a violation of the Texas Deceptive Trade Practices Act ("DTPA"), Tex Bus & Com Code § 17.41 *et seq.*; (2) violations of the Texas Debt Collection Practices Act ("DCPA"), Tex Fin Code § 392.001 *et seq.*; (3) conversion; and (4) civil theft. Defendant moved to dismiss plaintiff's claims under FR Civ P 12(b)(4) (insufficient process), 12(b)(5) (insufficient

service of process), and 12(b)(6) (failure to state a claim upon which relief can be granted). The federal district court granted defendant's motion to dismiss,[1] and the Fifth Circuit Court of Appeals affirmed.[2]

While his appeal was pending in the Fifth Circuit, plaintiff filed this suit, alleging a violation of the Michigan Consumer Protection Act ("MCPA"), MCL 445.901 *et seq.*, and a breach-of-contract claim. Plaintiff raised the same factual basis delineated in federal court for his claims in Michigan. In lieu of an answer, defendant moved for summary disposition under MCR 2.116(C)(7), arguing plaintiff's claims were precluded under the doctrine of res judicata. In response, plaintiff moved for summary disposition under MCR 2.116(C)(7) and (C)(10), and he denied his claims arose from the same set of facts as his federal claims. The trial court granted defendant's motion for summary disposition, finding plaintiff's claims arose from the same set of facts as the federal case.

Plaintiff moved for reconsideration, arguing res judicata was incorrectly applied and should have been precluded under the doctrine of equitable estoppel. The trial court denied plaintiff's motion for reconsideration, finding he failed to demonstrate palpable error. This appeal followed.

## II. DEFENDANT'S MOTION FOR SUMMARY DISPOSITION

Plaintiff argues the trial court erred when it applied res judicata and granted defendant's motion for summary disposition.[3]

## A. STANDARDS OF REVIEW

"We review de novo both a trial court's decision on a motion for summary disposition and its application of the legal doctrine of res judicata." *Garrett v Washington*, 314 Mich App 436, 440-441; 886 NW2d 762 (2016). "In making this determination, the Court reviews the entire record to determine whether defendant was entitled to summary disposition." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). "MCR 2.116(C)(7) permits summary disposition because of release, payment, prior judgment, [or] immunity granted by law." *Clay v Doe*, 311 Mich App 359, 362; 876 NW2d 248 (2015) (quotation marks and citation omitted). "When reviewing a motion under MCR 2.116(C)(7), the trial court must accept as true all of the plaintiff's well-pleaded factual allegations and construe them in favor of the plaintiff unless disputed by

---

[1] *Moskovits v Mercedes-Benz Fin Servs USA, LLC*, unpublished order of the United States District Court for the Southern District of Texas, entered August 31, 2022 (Case No. 4:21-cv-02260).

[2] *Moskovits v Mercedes-Benz Fin Servs USA, LLC*, unpublished per curiam opinion of the United States Court of Appeals for the Fifth Circuit, issued October 23, 2023 (Case No. 22-20522).

[3] It appears plaintiff also challenges the trial court's ruling on his motion for reconsideration. However, plaintiff failed to raise this issue in his statement of questions presented. Consequently, this issue is waived. See *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 459; 688 NW2d 523 (2004) ("An issue not contained in the statement of questions presented is waived on appeal."). However, we note the trial court did not err in its legal analysis regarding plaintiff's ability to aggregate his claims in the federal district court.

documentary evidence submitted by the moving party." *Norman v Dep't of Transp*, 338 Mich App 141, 146; 979 NW2d 390 (2021). "A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence." *Maiden*, 461 Mich at 119. "The contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Id*. "Equitable issues are reviewed de novo, but we review for clear error the court's findings of fact supporting its decision." *AFSCME Int'l Union v Bank One*, 267 Mich App 281, 293; 705 NW2d 355 (2005).

## B. ANALYSIS

Plaintiff argues the trial court erred when it allowed defendant to raise the defense of res judicata and when it failed to apply the doctrine of equitable estoppel.

The parties rely on the federal test for whether res judicata applied. And for good reason, as both this Court and the Supreme Court have held that the federal res judicata test applies to determine the preclusive effect of a federal judgment. See *Pierson Sand & Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 380–381; 596 NW2d 153 (1999) ("If a plaintiff has litigated a claim in federal court, the federal judgment precludes relitigation of the same claim in state court based on issues that were or could have been raised in the federal action, including any theories of liability based on state law. The state courts must apply federal claim-preclusion law in determining the preclusive effect of a prior federal judgment.") (quotation marks and citation omitted); *Beyer v Verizon North, Inc*, 270 Mich App 424, 428-429; 715 NW2d 328 (2006) (same).

Defendant relied on *Sacks v Tex Southern Univ*, 83 F4th 340, 344 (CA 5, 2023), which provides the federal test for res judicata:

> True res judicata—also called claim preclusion—applies only if (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. [*Id*. (quotation marks and citation omitted).]

For the federal test, the last element requires that "the same claim or cause of action was involved in both actions." *Sacks*, 83 F4th at 344. The transactional test is used when determining this last element. *Id*.

Plaintiff concedes the federal case reached a final judgment on the merits and the parties between the cases were identical. Accordingly, the only element to consider is whether the same claim or cause of action was involved in both actions. As explained by the *Sacks* court:

> We apply the transactional test to determine whether both suits involve the same claim or cause of action. Under this test, res judicata bars litigation of "all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." To determine whether facts constitute a "transaction" or "series of transactions," we consider "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." So, "[t]he critical issue

is whether the two actions are based on the 'same nucleus of operative facts.' "
[*Sacks*, 83 F4th at 344, quoting *Test Masters Educ Servs, Inc v Singh*, 428 F3d 559, 571 (CA 5, 2005) (citations omitted; alteration in original).]

The facts between the federal case and this case arise from the same nucleus of operative facts: the purchase of the vehicle, subsequent default on the loan, and auctioning of the vehicle. In both cases, plaintiff alleged: (*i*) he purchased the vehicle from defendant, financing a portion of the cost; (*ii*) he agreed to pay monthly payments on the loan; (*iii*) he drove the vehicle to Mexico, where it was damaged; (*iv*) he delivered the damaged vehicle to a repair shop; (*v*) after delays and other problems, he returned to the United States, leaving the vehicle in Mexico; (*vi*) he contacted defendant who declined his request to transport the vehicle to the United States; (*vii*) he stopped making payments on the loan; and (*viii*) defendant repossessed the vehicle, transported it to Texas, and auctioned it without providing him notice.

Plaintiff unpersuasively argues his claim in this case is different from the federal case, precluding res judicata. Plaintiff maintains the MCPA claim requires different facts to support the allegation. However, res judicata bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts or proceeding under a different legal theory; the doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v Felsen*, 442 US 127, 131; 99 S Ct 2205; 60 L Ed 2d 767 (1979). Thus, we focus on the factual basis for the claim, and here the claims in both cases arose from the same operative facts, as described above. Further, plaintiff's breach-of-contract claim concerns the lack of notice for the auction, which he concedes is the same in the federal case. Additionally, in his MCPA claim, plaintiff alleges he lost use of the vehicle, which occurred between his time in Mexico, to when he stopped making payments on the loan. That time frame constitutes the same time frame as plaintiff's conversion claim in the federal case.[4]

Although plaintiff asserts the trial court failed to consider his affidavit, complaint, and documented evidence when it applied the doctrine of res judicata, plaintiff's affidavit was not notarized, rendering it invalid. See *Holmes v Mich Capital Med Ctr*, 242 Mich App 703, 711; 620 NW2d 319 (2000) ("To constitute a valid affidavit, a document must be (1) a written or printed declaration or statement of facts, (2) made voluntarily, and (3) confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation."). Even if valid, his affidavit asserts the same factual basis as he claimed in his federal case, citing the purchase of the vehicle, its repair in Mexico, and the auction as the basis for his claims in this case.

The factual basis for plaintiff's stated claims arose from the same facts as the federal case. Given the federal case and this case: (1) spanned the same time frame; (2) concerned the sale of the same vehicle; (3) and involved the same actions by defendant, the factual basis for both cases

---

[4] Plaintiff claims he was alleging new facts concerning the representations defendant's agent made to him in 2017, which allegedly violated the MCPA. However, as plaintiff concedes, the act he alleged violated the MCPA was the sale of the vehicle without providing him notice in 2022, and his federal case also concerned the sale of the vehicle without notice.

involved the same transaction. Because plaintiff conceded the federal case was decided on its merits and involved the same parties, the trial court properly determined res judicata applied.

While the trial court properly determined res judicata applied, plaintiff argues it should have applied the doctrine of equitable estoppel to prevent defendant from raising it as a defense. " 'Equitable estoppel is not an independent cause of action, but instead a doctrine that may assist a party by precluding the opposing party from asserting or denying the existence of a particular fact.' " *Lakeside Oakland Dev, LC v H & J Beef Co*, 249 Mich App 517, 527; 644 NW2d 765 (2002), quoting *Conagra, Inc v Farmers State Bank*, 237 Mich App 109, 140-141; 602 NW2d 390 (1999). Equitable estoppel arises when: "(1) a party by representation, admissions, or silence, intentionally or negligently induces another party to believe facts; (2) the other party justifiably relies and acts on this belief; and (3) the other party will be prejudiced if the first party is permitted to deny the existence of the facts." *Twp of Williamstown v Sandalwood Ranch, LLC*, 325 Mich App 541, 553; 927 NW2d 262 (2018) (quotation marks and citation omitted).

Plaintiff asserts the trial court failed to apply the doctrine of equitable estoppel to prevent defendant from arguing contradictory points. Specifically, plaintiff argues that defendant's position before the Fifth Circuit was that his breach-of-contract claim was futile because it did not meet the jurisdictional amount-in-controversy requirement for federal court, while now defendant's position was that he should have brought the breach-of-contract claim in the federal case.

We reject this argument for two reasons. First, plaintiff fails to provide a substantive analysis of equitable estoppel and only argues defendant should have been estopped because its position was contradictory. Second, and more importantly, under these facts equitable estoppel is not applicable. The first factor for equitable estoppel is satisfied when "a party by representation, admissions, or silence, intentionally or negligently induces another party to believe facts[.]" *Sandalwood Ranch, LLC*, 325 Mich App at 553 (quotation marks and citation omitted). In the federal case, plaintiff's initial complaint and amended complaint did not contain a breach-of-contract claim. Plaintiff fails to explain how defendant's arguments before the Fifth Circuit induced him to believe his breach-of-contract claim was meritless or futile, causing him to omit the claim in his initial and amended federal complaints that were filed well before the appeal. Even if he was induced to believe his breach-of-contract claim was futile or meritless, plaintiff fails to explain how he relied on defendant's arguments regarding the breach of contract. Consequently, the trial court did not err by allowing defendant to argue res judicata, because equitable estoppel did not apply.[5]

---

[5] Given our determination the trial court did not err when it granted defendant's motion for summary disposition, it did not abuse its discretion in denying the motion for reconsideration. See *Luckow v Luckow*, 291 Mich App 417, 426; 805 NW2d 453 (2011) ("A party bringing a motion for reconsideration must establish that (1) the trial court made a palpable error and (2) a different disposition would result from correction of the error.").

Affirmed.  Defendant, as prevailing party, may tax costs.  MCR 7.219(A).

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ James Robert Redford