# STATE OF MICHIGAN

# COURT OF APPEALS

GENESEE COUNTY DRAIN COMMISSIONER and JEFFREY WRIGHT

      Plaintiffs-Appellees,

and

CHARTER TOWNSHIP OF FENTON, DENNIS BOW, KARYN MILLER, BONNIE MATHIS, PAULA ZELENKO, MARILYN HOFFMAN, LARRY GREEN, JAKE LAFURGEY, RAY FOUST, DAVID GUIGEAR, ROBERT M. PALMER, RICK CARUSO, WILLIAM W. KOVL, MAXINE ORR, VILLAGE OF GOODRICH, VILLAGE OF GAINES, VILLAGE OF LENNON, CHARTER TOWNSHIP OF MUNDY, TOWNSHIP OF ARGENTINE, CHARTER TOWNSHIP OF FLINT, CHARTER TOWNSHIP OF MT. MORRIS, TOWNSHIP OF GAINES, and CITY OF FLUSHING,

      Plaintiffs,

v

GENESEE COUNTY,

      Defendant-Appellant,

and

GENESEE COUNTY BOARD OF COMMISSIONERS,

      Defendant.

FOR PUBLICATION
August 22, 2017
9:10 a.m.

No. 331023
Genesee Circuit Court
LC No. 11-097012-CK

Before: SAWYER, P.J., and SERVITTO and RIORDAN, JJ.

PER CURIAM.

We are asked in this appeal to determine whether a claim based upon a theory of unjust enrichment is barred by the doctrine of governmental immunity. We conclude that it is not.

This is the second time that this case is before us. See *Genesee Co Drain Comm'r v Genesee Co*, 309 Mich App 317; 869 NW2d 635 (2015). That opinion fully sets out the relevant facts of this case. Briefly, plaintiff Wright is the Genesee County Drain Commissioner and, along with the other plaintiffs, participated in a county health plan through Blue Cross and Blue Shield. Premiums were paid both by the county and the participants. Those premiums were set annually and were based upon an estimate of the amount that the claims would be for the upcoming year along with the administrative costs of the plan. Unbeknownst to plaintiffs, at the end of each year, Blue Cross would refund to the county the amount by which the premiums exceeded the amount necessary to pay the claims and costs. The instant suit was instituted to recover the portion of the refunds that represented the participants' share of the premiums paid.

In the original appeal, we held that plaintiffs' claims alleging intentional torts were barred by governmental immunity and that plaintiffs could not recover under a breach of contract claim for any damages that accrued before October 24, 2005 (6 years before the filing of this action). Thereafter, following remand, in addition to the continuation of plaintiffs' breach of contract claim, the trial court permitted the complaint to be amended to add an unjust enrichment claim. Defendant again moved for partial summary disposition, arguing that governmental immunity barred the unjust enrichment claim and that plaintiffs failed to state a claim for unjust enrichment. The trial court concluded that governmental immunity did not bar the unjust enrichment claim. The trial court allowed the matter to continue, though without explicitly ruling on whether plaintiffs properly stated a claim for unjust enrichment. Defendant now appeals.

We review de novo both the grant of summary disposition under MCR 2.116(C)(7) and questions of statutory interpretation. *In re Bradley Estate*, 494 Mich 367, 376-377; 835 NW2d 367 (2013). And we look first to *Bradley* for assistance in answering the question whether a claim based upon unjust enrichment constitutes one for "tort liability" that comes under the governmental tort liability act (GTLA), MCL 691.1401 *et seq*. *Bradley* does not directly answer this question as it involved a claim based upon civil contempt rather than unjust enrichment. But it does provide guidance in determining whether a particular claim falls under the GTLA.

Plaintiffs' claim based upon unjust enrichment is barred only if unjust enrichment imposes "tort liability."[1] The Court in *In re Bradley Estate*, 494 Mich at 384-385, summarized the analyses as follows:

---

[1] It is not argued that the claim based upon a breach of contract theory is barred by the GTLA. Nor do plaintiffs argue that any of the exceptions to the GTLA for tort liability apply here to the unjust enrichment claim.

-2-

Given the foregoing, it is clear that our common law has defined "tort" to be a civil wrong, other than a breach of contract, for which the court will provide a remedy in the form of compensatory damages. Accordingly, because the word "tort" has "acquired a peculiar and appropriate meaning" in our common law, and because the Legislature is presumed to be aware of the common law when enacting legislation, we conclude that the term "tort" as used in MCL 691.1407(1) is a noncontractual civil wrong for which a remedy may be obtained in the form of compensatory damages.

Our analysis, however, requires more. MCL 691.1407(1) refers not merely to a "tort," nor to a "tort claim" nor to a "tort action," but to "tort *liability*." The term "tort," therefore, describes the type of liability from which a governmental agency is immune. As commonly understood, the word "liability," refers to liableness, i.e., "the state or quality of being liable." To be "liable" means to be "legally responsible[.]" Construing the term "liability" along with the term "tort," it becomes apparent that the Legislature intended "tort liability" to encompass legal responsibility arising from a tort. We therefore hold that "tort liability" as used in MCL 691.1407(1) means all legal responsibility arising from a noncontractual civil wrong for which a remedy may be obtained in the form of compensatory damages. [Footnotes and citations omitted.]

Unjust enrichment is an equitable doctrine. *Morris Pumps v Centerline Piping, Inc*, 273 Mich App 187, 193; 729 NW2d 896 (2006). Under this doctrine, "the law will *imply a contract* to prevent unjust enrichment only if the defendant has been unjustly or inequitably enriched at the plaintiff's expense." *Id.* at 195 (emphasis added). But, "a *contract will be implied* only if there is no express contract covering the same subject matter." *Barber v SMH (US), Inc*, 202 Mich App 366, 375; 509 NW2d 791 (1993) (emphasis added). In other words, "the law *imposes a contract* to prevent unjust enrichment, which occurs when one party receives a benefit from another the retention of which would be inequitable." *Martin v East Lansing School Dist*, 193 Mich App 166, 177; 483 NW2d 656 (1992) (emphasis added). See also *Dumas v Auto Club Ins Ass'n*, 437 Mich 521, 546; 473 NW2d 652 (1991). Further, our Supreme Court specifically has held that a breach of implied contract action is not barred by the GTLA. *In re Bradley Estate*, 494 Mich at 386.

We conclude that a claim under the equitable doctrine of unjust enrichment ultimately involves contract liability, not tort liability. It merely involves a situation in which the contract is an implied one imposed by the court in the interests of equity rather than an express contract entered into by the parties. Accordingly, the claim is not barred by the GTLA.

Defendant also argues that plaintiffs have failed to state a claim under unjust enrichment. It does not appear that the trial court addressed this issue. Accordingly, we decline to do so on appeal. Defendant is, however, free on remand to renew its motion for summary disposition under MCR 2.116A(C)(8) based upon a failure to state a claim for unjust enrichment so that the trial court may address it in the first instance.

Affirmed and remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiffs may tax costs.

/s/ David H. Sawyer
/s/ Deborah A. Servitto
/s/ Michael J. Riordan

-4-