# STATE OF MICHIGAN

# COURT OF APPEALS

WILLIAM SCOTT KINCAID, ERAINA POOLE,
GEORGE POOLE, and MARY B. BELL,

UNPUBLISHED
June 26, 2018

Plaintiffs-Appellees,

v

Nos. 337972; 337976
Genesee Circuit Court

CITY OF FLINT,

LC No. 12-098490-CZ

Defendant-Appellant.

Before: BECKERING, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

This case involves a dispute over utility pricing. After this Court dismissed plaintiffs' original action in this Court under the Headlee Amendment, see *Kincaid v Flint*, unpublished order of the Court of Appeals, entered June 29, 2012 (Docket No. 310221) (*Kincaid I*), plaintiffs filed the instant action in circuit court. The case now returns to this Court on appeal from the circuit court for a second time. Previously, in *Kincaid v City of Flint*, 311 Mich App 76; 874 NW2d 193 (2015) (*Kincaid II*), this Court reversed an order granting summary disposition in favor of defendant, City of Flint, and denying plaintiffs' motion to amend their complaint. This Court remanded the case for further proceedings. *Id.* at 95. On remand, the trial court denied Flint's motion for summary disposition of plaintiffs' amended complaint. In Docket No. 337972, Flint appeals as of right the portion of the trial court's opinion and order denying it summary disposition under MCR 2.116(C)(7) based on governmental immunity. In Docket No. 337976, Flint appeals by leave granted the same order to the extent that it denied summary disposition based on other grounds under MCR 2.116 (C)(7) and (C)(8). Because we conclude that plaintiffs' claims in this action are now barred by res judicata, we reverse and remand for entry of an order granting Flint summary disposition under MCR 2.116(C)(7).

## I. BASIC FACTS

Most of the pertinent factual background is aptly set forth in this Court's prior decision in *Kincaid II*, 311 Mich App at 77-80. During the pendency of this case, the same lawyers involved here fully litigated a class action involving markedly similar claims. See *Shears v Bingaman*,

-1-

unpublished per curiam opinion of the Court of Appeals, issued August 24, 2017 (Docket No. 329776).[1] In *Shears*, this Court explicitly recognized that—with the exception of claims of unjust enrichment—the claims at issue in *Shears* were "in essence, the same" as the claims involved in *Kincaid II*. *Id*. at 7-8. The certified class of plaintiffs in *Shears* included all "Flint water and sewer customers, who were customers on September 16, 2011," and Flint was a named defendant. *Id*. at 8. This Court ultimately that the trial court erred by failing to grant the defendants in *Shears* summary disposition under MCR 2.116(C)(7), and accordingly, reversed and remanded for entry of an order to that effect. *Id*. at 8.

## II. RES JUDICATA

## A. STANDARD OF REVIEW

Flint argues that the decision in *Shears* precludes plaintiffs' claims in this action under the doctrine of res judicata. Because *Shears* was pending on appeal in this Court at the time the trial court denied summary disposition to defendants in this case, the trial court neither considered nor decided whether *Shears* had preclusive effect here. Nevertheless, because the issue poses a question of law and all of the facts required to resolve it have been presented to us, it is appropriate to review its substantive merits. See *In re Medina*, 317 Mich App 219, 228; 894 NW2d 653 (2016).

A defendant is entitled to summary disposition under MCR 2.116(C)(7) if the plaintiff's claims are barred because of res judicata. *Beyer v Verizon North, Inc*, 270 Mich App 424, 435; 715 NW2d 328 (2006). In *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999), our Supreme Court explained:

> A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence. If such material is submitted, it must be considered. MCR 2.116(G)(5). Moreover, the substance or content of the supporting proofs must be admissible in evidence. . . . Unlike a motion under subsection (C)(10), a movant under MCR 2.116(C)(7) is not required to file supportive material, and the opposing party need not reply with supportive material. The contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant.

We review de novo the proper application of res judicata. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). "[T]he burden of proving the applicability of the doctrine of res judicata is on the party asserting it." *Baraga Co v State Tax Comm*, 466 Mich 264, 269; 645 NW2d 13 (2002).

---

[1] The plaintiffs' leave to appeal the decision in *Shears* to our Supreme Court is being held in abeyance pending our Supreme Court's decision in *Genesee Co Drain Comm'r Jeffrey Wright v Genesee Co*, 321 Mich App 74; 908 NW2d 313 (2017). *Shears v Bingaman*, 911 NW2d 728 (2018).

## B. ANALYSIS

"The doctrine of res judicata is intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and encourage reliance on adjudication, that is, to foster the finality of litigation." *In re Bibi Guardianship*, 315 Mich App 323, 333; 890 NW2d 387 (2016) (quotation marks and citation omitted). There are four elements for res judicata: (1) the prior action was decided on the merits, (2) the prior decision was final, (3) both actions involve the same parties or their privies, and (4) the claims to be precluded either were or could have been decided in the previously decided case. *Duncan v Michigan*, 300 Mich App 176, 194; 832 NW2d 761 (2013).

In this instance, all four elements are satisfied. The first and second elements are satisfied because this Court's ruling in *Shears* resulted in a final decision on the merits. See MCR 7.215(E)(1) ("[w]hen the Court of Appeals disposes of . . . an appeal, . . . its opinion or order is its judgment"); *Washington v Sinai Hosp of Greater Detroit*, 478 Mich 412, 419; 733 NW2d 755 (2007) (holding that an order of summary disposition under MCR 2.116(C)(7) is a final decision on the merits for purposes of res judicata).

In addition, all of the parties involved here were also parties in *Shears*. First, the City of Flint is a defendant in this case and in the *Shears* case. Second, the certified class of plaintiffs in *Shears* included all "Flint water and sewer customers, who were customers on September 16, 2011." Here, plaintiffs' first amended complaint identifies plaintiffs as William Scott Kincaid, Eraina Poole, George Poole, and Mary B. Bell, and states that "at all material times [they] were residents of the City of Flint, Michigan located in Genesee County, Michigan, taxpayers of the City of Flint, taxpayers of the State of Michigan, and *customers of the City of Flint's water and sewer services department.*" (Emphasis added). Accordingly, plaintiffs were customers of Flint's Water and Sewer Department through at least June 2012, which means they were plaintiffs in *Shears*. This element of res judicata is, therefore, satisfied.

The fourth element is also satisfied. Our Supreme Court "has taken a broad approach," holding that res judicata "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004). Hence, "the determinative question is whether the claims in the instant case arose as part of the same transaction as did the claims in" *Shears*. See *id*. at 125. "Whether a factual grouping constitutes a 'transaction' for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in *time, space, origin or motivation*, [and] whether they form a convenient trial unit. . . ." *Id*. (alteration and emphasis in original), quoting 46 Am Jur 2d, Judgments 533, p 801.

A pragmatic consideration of those factors leads us to conclude that the claims in this case arose out of the same transaction as those in *Shears*. In fact, with the exception of claims for unjust enrichment at issue in *Shears*, this Court previously recognized the similarity of the claims in both cases. See *Shears*, unpub op at 7-8. And since then, plaintiffs have amended their complaint here to add claims for unjust enrichment. In both cases, plaintiffs' claims are based on allegations that Flint and its agents failed to comply with an identical set of local ordinances governing the pricing of water and sewer services. Although there are slight temporal variations, the factual allegations in both cases primarily cover the same period. Both cases also involve

similar allegations concerning requests for class certification, with the same lawyers representing the same parties; thus, the two matters would certainly have formed a convenient trial unit.[2]

In sum, this Court's decision in *Shears* was a final judgment on the merits, the same parties are involved in both actions, and all of the claims in this action could have been, through plaintiffs' exercise of due diligence, raised in *Shears*. Therefore, all of the essential elements for res judicata are satisfied, and plaintiffs' claims in this action are barred. Accordingly, we reverse the trial court's order denying Flint's motion for summary disposition, and we remand this case to the trial court for entry of an order granting Flint summary disposition of all claims under MCR 2.116(C)(7).[3]

Reversed and remanded for entry of an order granting Flint summary disposition consistent with this opinion. We do not retain jurisdiction.

/s/ Jane M. Beckering
/s/ Michael J. Kelly
/s/ Colleen A. O'Brien

---

[2] It is immaterial for purposes of this analysis that plaintiffs instituted the instant action *before* the final decision in *Shears*. The preclusive effect of res judicata applies between actions that were pending simultaneously. See, e.g., *TBCI, PC v State Farm Mut Auto Ins Co*, 289 Mich App 39, 40-41; 795 NW2d 229 (2010). See also *Brownridge v Mich Mut Ins Co*, 115 Mich App 745, 750; 321 NW2d 798 (1982) (noting that under the federal approach to res judicata, the preclusive effect of a "judgment is not altered because plaintiff commenced the state action before the federal judgment was entered"), citing *Kline v Burke Constr Co*, 260 US 226, 230; 43 S Ct 79; 67 L Ed 226 (1922) ("Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res adjudicata by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case."). Nor does it matter that in *Shears* there is a pending application for leave to appeal in our Supreme Court. For purposes of res judicata, "a judgment pending on appeal" has preclusive effect. *City of Troy Bldg Inspector v Hershberger*, 27 Mich App 123, 127; 183 NW2d 430 (1970).

[3] Given our resolution, we decline to address Flint's alternative arguments that summary disposition ought to have been granted under MCR 2.116(C)(7) (governmental immunity and statute of limitations) or MCR 2.116(C)(8) (failure to state a claim). We also decline to address Flint's argument that the doctrine of latches bars plaintiffs' claims. Finally, we conclude that collateral estoppel does not apply because, for purposes of collateral estoppel, a decision is "final" only "when all appeals have been exhausted or when the time available for an appeal has passed," *Leahy v Orion Twp*, 269 Mich App 527, 530; 711 NW2d 438 (2006). In *Shears*, there is currently an application for leave to appeal pending before our Supreme Court, so *Shears* has no preclusive effect under the doctrine of collateral estoppel.